IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-01848-LTB-BNB

MICHAEL D. BARRY,

Applicant,

v.

MR. RIED, Warden,
JOE ORTIZ, Executive Director DOC, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter is before me on the **Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254** [Doc. #3] (the "Application") filed by Michael Barry (the "petitioner") on September 18, 2006.  I respectfully RECOMMEND that the Application be DISMISSED WITHOUT PREJUDICE.

## I.  THE LAW

This Court may review the petitioner's application for writ of habeas corpus "only on the ground that [s]he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  An application cannot be granted unless it appears that the petitioner has exhausted available state remedies.  28 U.S.C. § 2254(b)(1).

If a petitioner exhausts his available state remedies, his application may be granted only if the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court

of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d). Factual determinations made by the state court are presumed correct unless rebutted by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

Generally, if a petitioner fails to exhaust available state remedies, a federal court should dismiss the application without prejudice so that the state remedies may be pursued.  Demarest v. Price, 130 F.3d 922, 939 (10th Cir. 1997).  The federal court, however, should first consider whether the petitioner would be able to raise the unexhausted claims in the state court.  Id.

If the state court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, the petitioner's claims are procedurally defaulted for purposes of federal habeas corpus relief. Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991).  The federal court may not consider issues raised in a habeas corpus petition that have been defaulted in state court on an independent and adequate procedural ground unless the petitioner can show cause for the default and actual prejudice as a result of the alleged violation of federal law or can demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice.  Coleman, 501 U.S. 722, 750 (1991).  The determination of cause, prejudice, and fundamental miscarriage of justice are matters of federal law.  Demarest, 130 F.3d at 941.

## II.  BACKGROUND

The petitioner is currently incarcerated by the Colorado Department of Corrections ("DOC") at the Colorado State Penitentiary.  On October 18, 2002, a jury found him guilty of the following charge:

> [O]n or about the 21st day of February, 2002, in the county of
> Fremont and state of Colorado, Michael Barry, while lawfully
> confined in a detention facility in Colorado, with intent to infect,
> injure, harm, harass, threaten, and alarm Neal Enslow in a detention
> facility, who the defendant knows or reasonably should know to be
> an employee of a detention facility, caused such employee to come
> in contact with saliva, including but not limited to throwing,
> tossing, or expelling such fluid and material.

*Amended Answer of Respondents to Federal Habeas Application* [Doc. #34, filed 12/18/06] (the

"Answer"), Exhibit C, p. 26.  The petitioner was sentenced to five years in the DOC and three

years of parole.  Id. at Exhibit G, p. 14.

The Application arises out of the petitioner's conviction.  The Application asserts the

following 11 claims:

(1)   The petitioner was denied effective assistance of trial counsel due to (a) falsified

mental health records that were released without consent; (b) counsel's refusal to admit evidence

that the petitioner was bated into the assault; (c) counsel's failure to properly cross-examine

witnesses; (d) counsel's failure to call witnesses on behalf of the petitioner; (e) counsel's failure to

inform the court of the petitioner's mental status at the time of trial; (f) counsel's failure to refusal

to enter evidence of the petitioner's repeated attempts to be moved to safety; and (g) counsel's

refusal to counter the prosecution's claims that the petitioner did not attempt to resolve the issue

other than through violence;

(2)   The trial judge violated the petitioner's right to conflict-free counsel when he denied

the petitioner's request for new counsel, removed the petitioner from the courtroom, and

continued the prosecution without the petitioner;

(3)   The trial court lowered the prosecution's burden to prove the element of intent when it refused to allow the petitioner to enter evidence of his mental state to show that he assaulted the victim because he feared for his life;

(4)   The petitioner's due process rights were violated when his original *pro se* motion under Rule 33(a), Colo.R.Crim.P., was negated for an unrelated Rule 33(a) motion filed by counsel and left unanswered by the court.  This claim was "neglected by counsel on appeal" and was "beyond the [petitioner's] ability to resolve";

(5)   The petitioner was denied his right to testify at trial.  Due to the petitioner's mental state at the time of trial, the petitioner believed that his testimony would benefit the prosecution because he feared his counsel would not ask the questions necessary to provide evidence of his innocence.  This claim was "neglected by counsel on appeal" and was "beyond the [petitioner's] ability to resolve";

(6)   The petitioner was denied a fair trial because he was incompetent due to medications administered by the State.  This claim was "neglected by counsel on appeal" and was "beyond the [petitioner's] ability to resolve";

(7)   Perjured testimony known to the State was allowed at the trial from a correction official who stated he had no ability or responsibility to move the petitioner to a place of safety. This claim was "neglected by counsel on appeal" and was "beyond the [petitioner's] ability to resolve";

(8)   The State provided a falsified medical report to the trial judge which stated that the petitioner had hepatitis.  The statement prejudiced his case as evidenced by the sentencing judge's statements.  This claim was "neglected by counsel on appeal" and was "beyond the [petitioner's] ability to resolve";

4

(9)   The petitioner's right to appeal has been delayed and denied.  No court-ordered restitution was withdrawn from his account until March 2005, when he filed a civil claim on issues regarding electronic devices being used to torture him (wireless electroshock therapy).  This case has been "prevented along with the appeal in order to prevent exposure of abuse of these devices by the Justice department."  This claim was "neglected by counsel on appeal" and was "beyond the [petitioner's] ability to resolve";

(10)   The petitioner has been subjected to torture.  He has been prevented from accessing counsel on his civil and criminal cases which prevents him from access to evidence of wireless electronic devices used at the Colorado State Penitentiary and the Fremont Correctional Facility . These devices are used to stimulate the brain and bring about violent behavior.  The petitioner did not previously know about this issue; and

(11)   There has been an obstruction of justice from the use of electronic devices at Fremont Correctional Facility "(in the mail box next to the guard shack) which is used to bait inmates into assault."  The petitioner's mail has been blocked which prevents him from accessing an attorney.  Falsified testimony was used at trial to hide medical malpractice and other violations. Medication induced psychosis was used to prevent his defense.  The petitioner did not previously know these facts.

## III.   ANALYSIS

### A.   Conditions of Confinement

As a preliminary matter, I note that Claim Ten and portions of Claim Eleven challenge the petitioner's conditions of confinement.  These claims are properly asserted in an action pursuant to 42 U.S.C. § 1983, not in a habeas petition.  Accordingly, these claims must be dismissed

without prejudice.  If the petitioner wishes to assert these claims, he may do so in a separate

prisoner civil rights action under section 1983.

### B.  Exhaustion of State Remedies

The respondents assert that the Application must be dismissed because the petitioner has

not exhausted his claims in state court.  Because it was not clear from the record whether the

petitioner had exhausted his claims, I ordered further briefing and set the matter for an evidentiary

hearing.  *Order issued March 22, 2007* [Doc. #45].  The hearing was held on April 2, 2007.  The

record establishes that none of the petitioner's claims are exhausted.

The petitioner is currently in the process of pursuing his direct appeal.  In his direct

appeal, the petitioner presented to the state appellate court and the state supreme court Claim

Three and a portion of Claim Two.  *Answer*, Exhibit I; *Filing of Additional Record* [Doc. #48,

filed 3/30/07] (the "Supplement"), second attachment, (Petition for Writ of Certiorari).  The

petitioner's Petition for Writ of Certiorari is still pending in the state supreme court.

As to the other claims, the petitioner admitted at the hearing that he has not exhausted the

claims in state court.  He stated that the claims were not exhausted because they were "not legally

presentable" or "were left out by the appeal attorney."  As to some of the claims, the petitioner

asserts that he was told he could not assert them until the appeal was completed.

Comity is the rationale underlying the exhaustion requirement, which allows state courts

the first opportunity to pass on alleged defects in the criminal proceedings leading to the

conviction at issue.  Rose, 455 U.S. at 518.  In order to "encourage state prisoners to seek full

relief first from the state courts," the exhaustion requirement must be "rigorously enforced."  Id.

Generally, if a petitioner fails to exhaust available state remedies, a federal court should

dismiss the application without prejudice so that the state remedies may be pursued.  Demarest v.

6

Price, 130 F.3d 922, 939 (10th Cir. 1997). The federal court, however, should first consider whether the petitioner would be able to raise the unexhausted claims in the state court. Id.

Section 16-5-402(1), C.R.S., imposes a three year limitations period for any collateral attack on the validity of a conviction for a class 2 or lesser felony.[1] The three year limitations period begins to run when the conviction is affirmed on appeal. People v. Hampton, 876 P.2d 1236, 1238 (Colo. 1994). The petitioner is still pursuing his direct appeal. The mandate affirming the petitioner's conviction has not yet been issued. Upon issuance of the mandate, the petitioner will have three years to assert his claims in state court pursuant to section 16-5-402(1), C.R.S. The petitioner may bring these claims as a collateral attack on his conviction pursuant to Rule 35 of the Colorado Rules of Criminal Procedure.[2]

Generally, if a petitioner fails to exhaust available state remedies and he may still bring the unexhausted claims in state court, the federal court should dismiss the application without prejudice so that the state remedies may be pursued. Demarest v. Price, 130 F.3d 922, 939 (10th Cir. 1997). However, the court must take into consideration that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitation on the filing of federal habeas petitions, 28 U.S.C. § 2244(d), and that the filing of a habeas petition in federal court does not toll the limitations period. Rhines v. Weber, 544 U.S. 269, 274-75 (2005). The

---

[1]The petitioner was convicted of second degree assault in violation of section 18-3-203(1)(f.5), C.R.S. (2006), a class 4 felony. *Supplement*, first attachment, second consecutive page.

[2]Rule 35(c) provides that, notwithstanding the affirmance of a judgment of conviction on appeal, every person convicted of a crime is entitled to make an application for post-conviction review on the grounds that "the conviction was obtained or sentence imposed in violation of the Constitution or laws of the United States." Colo. R. Crim. P. 35(c)(2).

limitations period generally runs from the date on which the state judgment becomes final after the direct appeal.  Id. at 2244(d)(1)(A).

In this case, the Colorado Supreme Court has not yet addressed the petitioner's request for a writ of certiorari.  Therefore, the AEDPA's one-year statute of limitations has not started to run, and dismissal of the Application without prejudice will not cause the petitioner to run afoul of the one-year statute of limitations.

Insofar as the petitioner complains that his direct appeal is being unreasonably delayed, I am aware that "there is a rebuttable presumption that the State's process is not effective and, therefore, need not be exhausted, if a direct criminal appeal has been pending for more than two years without final action by the State."  Harris v. Champion, 15 F.3d 1538, 1546 (10th Cir. 1994).  However:

> This two-year presumptive period is not inflexible: the particular circumstances of a case may warrant excusing exhaustion after a delay of less than two years as, for example, when the length of the sentence is considered or when there is an obvious and massive breakdown in the procedural development of the appeal; alternatively, circumstances may warrant refusing to excuse exhaustion even after a delay of more than two years.

Id.

Here, the petitioner filed his Notice of Appeal on December 15, 2003.  *Supplement*, fourth attachment (Register of Actions), p. 1.  The trial court record was received by the appellate court on March 16, 2004.  Id. at p. 2.  The petitioner's opening brief was due on May 24, 2004.  Id. The petitioner asked for and received numerous extensions of time to file the opening brief, and it was not filed until October 31, 2005.  Id. at pp. 3-10.  The petitioner's extensions totaled 256 days.  Id.  In addition, on July 30, 2004, the petitioner asked to supplement the record.  Id. at p. 4.  The supplement was received on January 6, 2005, extending the briefing period by an

additional150 days.[3]  Id. at p. 6.  The answer brief was filed shortly thereafter on February 28,

2006; and the reply brief was filed on March 27, 2006.  Id. at p. 12.  The appellate court issued its

opinion on February 1, 2000.  Id. at first attachment.  The petitioner filed a Petition for Writ of

Certiorari on March 16, 2007.  Id. at second attachment.  The petition is still pending in the

Colorado Supreme Court.

   The delay in the petitioner's direct appeal is not a result of an ineffective State process.

The delay was caused in large part by the petitioner's requests for extension of time to file the

opening brief.  Moreover, the case has not been ignored by the state courts.  The petitioner's

requests for extension of time to file the opening brief were quickly granted.  Once the petitioner's

opening brief was filed, the rest of the briefing followed quickly, and the appellate court issued its

opinion within a reasonable period of time.  Under these circumstances, I do not find any basis to

excuse exhaustion of the claims asserted by the petitioner on direct appeal.

## IV.  CONCLUSION

   For all of these reasons, I respectfully RECOMMEND that the Application be

DISMISSED WITHOUT PREJUDICE.

   FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and

Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file

specific, written objections.  A party's failure to serve and file specific, written objections waives

de novo review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn,

474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal

questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A

---

[3]A second motion to supplement the record was filed on August 16, 2005.  It is not clear
which party filed the motion.  Nevertheless, the supplement was received on September 27, 2005,
resulting in only a 45 day delay in briefing.

party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated April 3, 2007.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

10