IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Action No. 06-cv-01848-LTB-BNB

MICHAEL D. BARRY,

    Applicant,

v.

MR. RIED, Warden,
JOE ORTIZ, Executive Director DOC, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.
_____

ORDER
_____

    Applicant/Petitioner, Michael D. Barry (the "Petitioner"), appearing *pro se*, filed an Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, which I subsequently dismissed without prejudice by accepting the Magistrate Judge's Recommendation. As a result, judgment entered in favor of the Respondents, Mr. Ried, Joe Ortiz, and The Attorney General of the State of Colorado, on February 19, 2008. Thereafter, Petitioner filed the following motions:

**I. Motion to Reconsider**

    I first address and deny Petitioner's motion entitled "Motion to Reconsider According to F.R.C.P. Rule(s) 59, 60," filed on March 25, 2008 [**Doc # 67**].

    Depending on when the motion is filed, a "motion for reconsideration" is either construed as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e), or a motion for relief from the judgment under Fed. R. Civ. P. 60(b). *See Manco v. Werholtz,* 528 F.3d 760, 761 (10th

Cir. 2008). Because Petitioner filed his motion on March 25, 2008 – more than ten days after judgment entered on February 19, 2008 – I consider it a motion for relief under Fed. R. Civ. P. 60(b). *Id.* (*citing Hatfield v. Bd. of County Comm'rs,* 52 F.3d 858, 861 (10th Cir.1995)). Relief under Fed. R. Civ. P. 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry,* 30 F.3d 1325, 1330 (10th Cir.1994).

Even when construed liberally – as I must do because Petitioner is representing himself *see Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991) – I find that Petitioner's motion fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Petitioner's claims that challenge his condition of confinement were dismissed because they are properly asserted in a separate civil rights action under 42 U.S.C. § 1983, not in a *habeas* petition. The remainder of his claims were dismissed on the basis that he failed to exhaust his state remedies pursuant to 28 U.S.C. § 2254(b)(1). In his motion to reconsider, Petitioner does not contest the ruling that his conditions of confinement claims were not properly raised here, and presents no reasoned argument that addresses the issue of exhaustion of state court remedies. Therefore, the motion to reconsider is denied.

## II. Motion for Extension of Time re: Notice of Appeal

Also on March 25, 2008, Petitioner filed a pleading entitled "Notice of Appeal and Motion for Extension of Time" [**Doc # 68**]. In that pleading Petitioner sets forth his ground for appeal of the February 19, 2008 judgment. Petitioner's notice of appeal is untimely because it was filed over thirty days after entry of judgment on February 19, 2008.

However, Petitioner also seeks an extension of time to file his notice of appeal. I may extend the time to file upon a showing of "excusable neglect or good cause" if, as is the case here, a party moves for an extension no later than 30 days after the appeal time has expired. *See* Fed. R.App. P. 4(a)(5). Factors I may consider to determine whether excusable neglect justifies an extension of time include "the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Bishop v. Corsentino*, 371 F.3d 1203, 1206 (10th Cir. 2004) (citation omitted).

In his motion – which was filed only thirty-five days after judgement entered and was thus only five days late – Petitioner notes that he had "recently" been released from prison. He also asserts that he "did not receive the order to dismiss until the day before release, and has been working to establish a residence causing a delay in this response." Under these circumstances, I conclude that Petitioner's request for an extension of time to file his appeal should be granted.

### III. Remaining Pending Motions

Finally, Petitioner has filed two additional motions that remain pending. On June 2, 2008, Petitioner filed a Motion to Respond and to Acknowledge Issues of Ongoing Obstruction [**Doc # 70**]. On August 4, 2008, Petitioner filed a Motion To Meet in Judges' Chambers [**Doc #71**]. A review of these motions, and the relief sought therein, reveals that they are no longer at issue in light of my rulings on Petitioner's motion to reconsider and acceptance of his notice of appeal. As such, they are both denied as moot.

ACCORDINGLY, for the reasons set forth above, IT IS HEREBY ORDERED as follows:

1) Petitioner's Motion to Reconsider According to F.R.C.P. Rule(s) 59, 60" [**Doc # 67**] is DENIED;

2) Petitioner's Notice of Appeal and Motion for Extension of Time [**Doc # 68**] is GRANTED as to his request for an extension of time to file and, as such, his Notice of Appeal is DEEMED FILED as of the date of this order; and

3) As a result, Petitioner's Motion to Respond and to Acknowledge Issues of Ongoing Obstruction [**Doc # 70**] and Petitioner's Motion To Meet in Judges' Chambers [**Doc #71**] are both DENIED AS MOOT.

Dated: November   19  , 2008, in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE